## VICTORY CAB CO., Inc., v. WATSON.

Court of Appeals of Kentucky.

April 17, 1951.

Mayer, Cooper & Kiel, Louisville, for appellant.

Mahan, Davis & Mahan, Louisville, for appellee.

HELM, Justice.

About 1:30 a. m. the morning of December 14, 1948, Glen Campbell, 35, operator of an automobile belonging to appellant, and appellee were driving their respective automobiles south on the Seventh Street Road in Louisville. Appellee Watson, 24, says that he had been following Campbell for about a mile and a half down the road. Campbell was going about 25 miles an hour, about 40 or 50 feet in front of appellee, until appellee "got ready to pass him."

Asked about the accident, appellee stated: "All I know, he was just driving along the road at approximately 25 miles an hour, and I raised my lights and lowered them and started around then, and without any

signal he just cut right to the left in front of me, and it happened so quick that that is all I know. * * * when I pulled up by the side of him to pass him he just turned in front of me. I was watching my road. I wasn't watching him, because I had already given him the signal to pass." Appellee was going 30 to 35 miles an hour when he tried to pass Campbell. Asked if he swerved his car to either side, he answered: "I didn't have time. He just made a complete left turn right in front of me, and I didn't have time to do anything, it happened so fast. I didn't have no idea he was going to turn." Neither of the drivers blew his horn.

Asked as to the accident, Campbell said: "Just prior to the accident, I was traveling south on the Seventh Street Road * * *. I was on my way to pick up a fare at the Old Mansion Night Club. * * * The night was very dark with fog and a light mist of rain falling. The streets were very wet. I was traveling south on my right side of the Seventh Street Road and because of the darkness of the night, had only been going between 20 to 25 miles per hour. As I approached the place where I needed to make a left hand turn off of the road to the Old Mansion Night Club, I slowed down to approximately 5 miles per hour. About 25 feet before I intended to start making the left hand turn to the Old Mansion Night Club I extended my left arm straight out of the left front window as far as I could put it." Watson denies that Campbell put out his hand. The Watson car collided with the back left part of the Campbell car. Neither driver was injured.

Watson filed this action seeking to recover $1,100. Appellant counter-claimed seeking to recover $550. A jury returned a verdict for appellee for $900. Here appellant, relying only upon "erroneous instructions of the court," urges as grounds for reversal: "(1) The failure of the court to define negligence was a substantial error; (2) an instruction imposing upon appellant the duty of sounding his horn in making a left hand turn imposes a burden greater than that imposed by law; and (3) in an instruction defining the duties of one motorist in passing another, the court clearly erred in holding that a passing driver had the option of lowering and raising his headlights instead of sounding horn as signal of intention to pass."

The bill of exceptions shows: "No instructions were requested by either the plaintiff or the defendant." The court gave instructions 1, 2, 3, 4, 5, 6 and 7 to which the defendant at the time excepted. No. 1 defined ordinary care; No. 2 set out the duties of Campbell; No. 3 the duties of Watson; No. 4 that the jury should find for Watson if they believed Campbell's negligence caused the collision; No. 5 that they should find for appellant if they believed Watson's negligence caused the collision; No. 6 that they should find for neither if both were negligent, and No. 7 set out the measure of damages.

Appellant requested a new trial on one ground only: "Because the court erred in giving instructions 3, 4 and 6, the giving of which this defendant at the time excepted." Appellant did not offer an instruction defining negligence, and did not request the court to give such an instruction. From an examination of the record, including the instructions given, we do not believe the trial court erred in omitting a definition of negligence.

Instruction No. 2 (D) provides:

"2. It was the duty of Campbell, running the cab, to exercise ordinary care as just defined, and that duty included the duties,

* * * * * *

"D. Of giving reasonable notice of his intention to change his course to cross the road to his left by sounding his horn and by extending his left hand and arm from the left side of his cab indicating the direction in which he was to move and of keeping his hand and arm in that signalling position for a distance of at least the last one hundred feet before making the turn."

Appellant insists that it was not the duty of Campbell to give notice of his intention to change his course to cross the road to his left by sounding his horn. KRS 189.380 (1) provides: "No person shall turn a vehicle from a direct course upon a highway until the movement can be made with rea-

sonable safety, and only after a clearly audible signal has been given by sounding the horn if any pedestrian may be affected by the movement or after giving an appropriate signal as provided by subsection (2), if any other vehicle may be affected by the movement. A signal of intention to turn right or left shall be given continuously for not less than the last hundred feet traveled by the vehicle before turning. * * *" Campbell says he held out his hand and arm. Watson denies this. No pedestrian was present at the time of the collision. In the light of the evidence, the "appropriate signal" provided in subsection 2, above referred to, is a hand signal. It follows that a sounding of Campbell's horn was not required and that part of the instruction should have been omitted.

█ At the trial appellant saved exception to the giving of instruction No. 2, but in his motion and grounds for a new trial he only assigns the giving of instructions 3, 4 and 6 as error. He thereby waived his exception to instruction No. 2. 2 Ky. Digest, Appeal and Error, ⊜301.

█ Instruction 3(D) was as follows:
"It was the duty of Watson to exercise ordinary care, and that duty included the following duties:

"(D) * * * of giving reasonable notice of his intention to pass the cab by sounding his horn and by giving such other notice as by signalling with his lights that you might think reasonable."

This instruction did not give Watson, the passing driver, the option of lowering and raising his headlights instead of sounding his horn, as appellant maintains. The court imposed upon appellee the duty of giving reasonable notice of his intention to pass appellant by sounding his horn, but added "and by giving such other notice as by signalling with his lights that you might think reasonable." The two parts of this section of the instruction are in the conjunctive. KRS 189.340, the statute applicable here, provides: "* * * The person operating or in charge of the overtaking vehicle shall sound his horn or other sound device before passing. * * *" In the light of this statute, it is clear that the first

part of the instruction was correct and sufficient, and that the second part of the instruction complained of should have been omitted. Appellant maintains that the failure to omit the second part of the instruction is reversible error.

██ Campbell testifies that he did not hold out his hand as a signal that he was going to turn left until he was within 25 feet of the point of turning. He should have held out his hand for at least 100 feet before turning. Watson says that he did not hold out his hand at all. Because of these things, the jury could have and evidently did conclude that Campbell was negligent, and that his negligence was the cause of the collision. If Campbell's negligence was the proximate cause of the accident, as the jury evidently concluded, we believe that the surplusage in the latter part of subsection D, Instruction No. 3, was not prejudicial error.

The judgment is affirmed.